**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0616n.06

No. 16-5785

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Nov 18, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BURKHEAD & SCOTT, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CITY OF HOPKINSVILLE, KY; | ) | KENTUCKY |
| HOPKINSVILLE SOLID WASTE | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Burkhead & Scott, Inc. (BSI) appeals the district court's judgment in favor of the City of Hopkinsville, Kentucky, and the Hopkinsville Solid Waste Authority (HSWA).

Beginning in 1998, BSI collected and hauled construction demolition debris and industrial solid waste within the City. According to co-owner Brian Burkhead, BSI and its customers were told by the City from the beginning that its operations were illegal. Despite this resistance from the City, BSI continued to operate. In 2011, BSI received a letter from HSWA's general manager giving the company five days to remove its equipment from the City. A copy of the City's solid waste ordinance was attached to the letter. BSI took the position that the ordinance prohibited anyone other than the City from hauling commercial refuse and garbage and therefore did not bar BSI's operations because it never hauled those types of waste. In the

fall of 2012, two of BSI's customers switched their accounts to HSWA. After losing this business, BSI sold its land and equipment.

In its amended complaint, BSI asserted two claims against the defendants: (1) that the flow control provisions of the City's solid waste ordinance violated the Commerce Clause by discriminating against the interstate market for solid waste disposal services and (2) that the defendants tortiously interfered with business relationships between BSI and its current and prospective clients. The defendants filed a motion for summary judgment on BSI's claims. In response, BSI addressed only its tortious interference claim, abandoning its constitutional claim. The district court granted the defendants' summary judgment motion. BSI filed a motion to alter, amend, or vacate the district court's judgment, asserting in part that the district court should exercise its discretion to remand its tortious interference claim to the appropriate state court. The district court denied BSI's motion. This timely appeal followed.

We review de novo the district court's decision to grant summary judgment in favor of the defendants. *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 526 (6th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A matter requiring statutory interpretation is a question of law requiring de novo review, and the starting point for interpretation is the language of the statute itself." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1059 (6th Cir. 2014) (quoting *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011)).

To recover for tortious interference with a prospective business advantage under Kentucky law, BSI must show: "(1) the existence of a valid business relationship or expectancy; (2) that [the defendants were] aware of this relationship or expectancy; (3) that [the defendants] intentionally interfered; (4) that the motive behind the interference was improper; (5) causation;

and (6) special damages." *Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 6 (Ky. Ct. App. 2012). Tortious interference claims turn on the defendant's motive, requiring the plaintiff to "show malice or some significantly wrongful conduct." *Nat'l Collegiate Athletic Ass'n By & Through Bellarmine Coll. v. Hornung*, 754 S.W.2d 855, 859 (Ky. 1988).

The defendants assert that BSI had no valid business relationship or expectancy because its operations violated the City's solid waste ordinance. The ordinance provides in relevant part:

> It shall be unlawful for any person or firm, except pursuant to temporary collection service permits, to engage in or conduct any collection of trash or building material within the city's corporate limits. Any individual or firm providing the service without proper consent shall be in violation of this chapter and subject to a civil penalty as established herein. Collection at each premises shall constitute a separate offense.

Hopkinsville Code of Ordinances § 93.02(C)(5). BSI does not dispute that it never obtained a permit and instead argues that its collection and disposal of industrial waste and construction demolition debris fell outside the scope of the ordinance. As the district court pointed out, construction demolition debris plainly constitutes "building material" under the ordinance's definition: "Solid waste which results from the collection, remodeling, repair and demolition of structures." Hopkinsville Code of Ordinances § 93.01. Because BSI collected building material without a permit in violation of the ordinance, BSI cannot show that it had a valid business relationship or expectancy or that the defendants acted with malice in advising its customers that its activities were illegal. *See Aureus Holdings, Ltd. v. Detroit City*, 303 F. App'x 265, 268-69 (6th Cir. 2008).[1] Accordingly, the district court properly granted summary judgment in favor of the defendants on BSI's tortious interference claim.

---

[1] BSI's argument that the City lacks authority to collect building material in excess of two cubic yards in volume, per Ordinance § 93.02(C)(3), and that this limitation necessarily implies that large scale collections are reserved for private waste disposal contractors like BSI, is unavailing. Even if BSI's premise is accepted as correct, the argument affords no excuse or justification for BSI's undisputed failure to obtain the requisite permit or other proper consent to provide the service, as required by § 93.02(C)(5).

BSI contends that, after the dismissal of its federal constitutional claim, the district court should have declined to exercise supplemental jurisdiction over its tortious interference claim and dismissed that claim without prejudice. The decision to retain supplemental jurisdiction over state-law claims after federal claims have been dismissed is left to the district court's discretion. *Harper v. AutoAlliance Int'l, Inc*., 392 F.3d 195, 210 (6th Cir. 2004). "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993) (citation omitted).

The interests of judicial economy favored the district court's retention of supplemental jurisdiction. BSI did not abandon its federal constitutional claim until the defendants moved for summary judgment. By that time, the case had been pending for nearly three years, and the parties had completed discovery. BSI waited to request remand of its tortious interference claim until after the district court granted summary judgment in favor of the defendants on that claim. Under these circumstances, the district court did not abuse its discretion in retaining supplemental jurisdiction over BSI's tortious interference claim. *See Harper*, 392 F.3d at 211-12; *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992).

For the foregoing reasons, we **AFFIRM** the district court's judgment in favor of the defendants.